JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
SABRINA C. NARAIN (SBN 299471)
snarain@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, California 90017
Telephone:  213-426-5000
Facsimile:   213-234-4581

Attorneys for Defendant
**FORD MOTOR COMPANY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JEFFREY ALLAN O'DONNELL;<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; GALPIN MOTORS, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-01095-JFW(PVCx)<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Sup. Ct. Complaint Filed: April 29, 2019 |

Defendant Ford Motor Company ("Defendant"), hereby answers the Complaint of Plaintiff on file as follows:

## DEMAND FOR JURY TRIAL

1.      Paragraph 1 sets forth a demand for a jury trial to which no response is required.

## GENERAL ALLEGATIONS

2.      Paragraph 2 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 5 of the Complaint.

3.      Ford admits the allegations set forth in paragraph 3 of the Complaint.

4.      Paragraph 4 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford admits the allegations set forth in paragraph 4 of the Complaint.

5.      Paragraph 4 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford admits that the 6.4L engine is a sequential turbocharged V8 diesel engine manufactured by Navistar, Inc. ("Navistar") and used by Ford in its 2008-2010 model year Ford F-250 Super Duty, Ford F-250 Super Duty, and Ford F-450 Super Duty trucks (collectively, "Super Duty Trucks").

6.      Paragraph 6 sets forth conclusions of law to which no response is required.

7.      Paragraph 7 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 7 of the Complaint.

8.      Paragraph 8 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 8 of the Complaint.

9.      Paragraph 9 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford admits that on July 26, 2010, Plaintiff purchased a new 2010 Ford F-350, VIN: 1FTWW3BRXAEA74908, (the "Subject Vehicle"), and that the sale of the vehicle was accompanied by a Ford warranty. Ford denies all other allegations in paragraph 9.

10.      Ford denies the allegations set forth in paragraph 10 of the Complaint.

11.      Paragraph 11 sets forth conclusions of law to which no response is required.

12.      Paragraph 12 sets forth a demand for a jury trial to which no response

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1  is required.

2  **The 6-4 Liter PowerStroke Engine Defect**

3  13.    Ford admits the allegations set forth in paragraph 13 of the

4  Complaint.

5  14.    Ford denies the allegations set forth in paragraph 14 of the Complaint.

6  15.    Ford admits that its Super Duty trucks model years 2008-2010 were

7  equipped with a 6.0L engine manufactured by Navistar. Ford denies knowledge or

8  information sufficient to form a belief as to the truth of all other allegations set

9  forth in paragraph 15 of the Complaint.

10  16.    Paragraph 16 sets forth conclusions of law to which no response is

11  required. To the extent an answer is required, Ford denies knowledge or

12  information sufficient to form a belief as to the truth of the allegations set forth in

13  paragraph 16 of the Complaint.

14  17.    Ford denies the allegations set forth in paragraph 17 of the Complaint.

15  18.    Ford denies the allegations set forth in paragraph 18 of the Complaint.

16

17  19.    Ford denies the allegations set forth in paragraph 19 of the Complaint.

18  20.    Ford denies the allegations set forth in paragraph 20 of the Complaint.

19  21.    Ford denies the allegations set forth in paragraph 21 of the Complaint.

20  22.    Ford denies the allegations set forth in paragraph 22 of the Complaint.

21  23.    Ford denies the allegations set forth in paragraph 23 of the Complaint.

22  24.    Ford denies knowledge or information sufficient to form a belief as to

23  the truth of allegations set forth in paragraph 24 of the Complaint.

24  25.    Paragraph 25 sets forth conclusions of law to which no response is

25  required. To the extent an answer is required, Ford denies knowledge or

26  information sufficient to form a belief as to the truth of allegations set forth in

27  paragraph 25 of the Complaint.

28  **Ford Had Exclusive Knowledge of the Transmission Defect**



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S
COMPLAINT**

26.     Paragraph 26 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 26 of the Complaint.

27.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 27 of the Complaint.

28.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 28 of the Complaint.

29.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 29 of the Complaint.

30.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 30 of the Complaint.

31.     Ford admits that maintains databases called MORS (Master Owner Relations System), A.WS (Analytical Warranty System), and CQIS (Common Quality Indicator System). Ford denies knowledge or information sufficient to form a belief as to the truth of all other allegations set forth in paragraph 31 of the Complaint.

32.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 32 of the Complaint.

33.     Paragraph 33 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 33 of the Complaint.

34.     Paragraph 34 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 34 of the Complaint.

**Ford's Failure to Disclose the 6.4 Liter PowerStroke Engine Defect**

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

35.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 35 of the Complaint.

36.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 36 of the Complaint.

37.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 37 of the Complaint.

38.     Ford denies the allegations set forth in paragraph 38 of the Complaint.

39.     Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 39 of the Complaint.

**Ford Has Actively Concealed the Transmission Defect**

40.     Paragraph 34 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 40 of the Complaint.

41.     Ford denies the allegations set forth in paragraph 41 of the Complaint.

41(a)  Paragraph 41(a) sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 41(a) of the Complaint.

41(b)  Paragraph 41(b) sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 41(b) of the Complaint.

41(c)  Paragraph 41(c) sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 41(c) of the Complaint.

41(d)  Paragraph 41(d) sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford denies the allegations set forth in paragraph 41(d) of the Complaint.

42.     Ford denies the allegations set forth in paragraph 42 of the Complaint.

43.     Ford denies the allegations set forth in paragraph 43 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

44.   Ford admits the allegations set forth in paragraph 44 of the Complaint.

45.   Paragraph 45 sets forth conclusions of law to which no response is required.

46.   Ford denies the allegations set forth in paragraph 46 of the Complaint.

47.   Ford denies the allegations set forth in paragraph 47 of the Complaint.

48.   Ford denies the allegations set forth in paragraph 48 of the Complaint.

49.   Ford denies the allegations set forth in paragraph 49 of the Complaint.

50.   Ford denies the allegations set forth in paragraph 46 of the Complaint.

51.   Ford denies the allegations in paragraph 51 of the Complaint to the extent that the Complaint alleges that any defects exist.

## PLAINTIFF'S EXPERIENCES

52.   Ford admits the allegations set forth in paragraph 52 of the Complaint.

53.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 53 of the Complaint.

54.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 54 of the Complaint.

55.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 55 of the Complaint.

56.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 56 of the Complaint.

57.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 57 of the Complaint.

58.   Ford denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 58 of the Complaint.

59.   Paragraph 59 sets forth conclusions of law to which no response is required. To the extent an answer is required, Ford admits that the vehicle was presented to a Ford dealership. Ford denies knowledge or information sufficient to form a belief as to the truth of all other allegations set forth in paragraph 59 of the

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Complaint.

60.     Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.     Paragraph 64 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 64 of the Complaint.

<u>All Statute of Limitations Periods are Tolled by the Discovery Rule and the Doctrine of Fraudulent Concealment</u>

65.     Paragraph 65 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 65 of the Complaint.

66.     Paragraph 66 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 66 of the Complaint.

67.     Paragraph 67 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 67 of the Complaint.

68.     Defendant Ford denies the allegations set forth in paragraph 68 of the Complaint.

69.     Paragraph 69 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 69 of the Complaint

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

70.     Paragraph 70 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 70 of the Complaint.

71.     Paragraph 71 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 71 of the Complaint.

72.     Paragraph 72 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 72 of the Complaint.

73.     Paragraph 73 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 73 of the Complaint.

74.     Defendant Ford denies the allegations set forth in paragraph 74 of the Complaint.

75.     Paragraph 75 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 75 of the Complaint.

76.     Defendant Ford denies the allegations set forth in paragraph 76 of the Complaint.

77.     Defendant Ford denies the allegations set forth in paragraph 77 of the Complaint.

78.     Defendant Ford denies the allegations set forth in paragraph 78 of the Complaint.

All Statute of Limitations Periods are Tolled by the Tolling Doctrine Established in American Pipe & Construction Co. v. Utah (1974) 414 U.S. 528 As a Result of the Class Action *Darne v. Ford Motor Company*

79.     Paragraph 79 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

allegations set forth in paragraph 79 of the Complaint.

80.     Paragraph 80 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 80 of the Complaint.

81.     Paragraph 81 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 81 of the Complaint.

82.     Paragraph 82 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 82 of the Complaint.

83.     Paragraph 83 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 83 of the Complaint.

84.     Paragraph 84 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 84 of the Complaint.

85.     Paragraph 85 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 85 of the Complaint.

86.     Paragraph 86 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 86 of the Complaint.

<u>All Statute of Limitations Periods are Tolled Under California Law by the Doctrine of Equitable Tolling As a Result of the Class Action *Darne v. Ford Motor Company*</u>

87.     Paragraph 87 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 87 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

88.     Paragraph 88 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 88 of the Complaint.

89.     Paragraph 89 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 89 of the Complaint.

90.     Paragraph 90 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 90 of the Complaint.

91.     Paragraph 91 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 91 of the Complaint.

92.     Paragraph 92 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 92 of the Complaint.

93.     Paragraph 93 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 93 of the Complaint.

94.     Paragraph 94 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 94 of the Complaint.

95.     Paragraph 95 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 95 of the Complaint.

## FIRST CAUSE OF ACTION

**Violation of the Song Beverly Act – Breach of Express Warranty**

**(Against all Defendants)**

96.     Defendant Ford repeats the responses of paragraphs 1 to 95.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

97.     Defendant Ford denies the allegations set forth in paragraph 97 of the Complaint.

98.     Paragraph 98 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 98 of the Complaint.

99.     Paragraph 99 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 99 of the Complaint.

100.    Paragraph 100 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 100 of the Complaint.

101.    Defendant Ford admits the allegations set forth in paragraph 101 of the Complaint.

102.    Paragraph 102 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 102 of the Complaint.

103.    Paragraph 103 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 103 of the Complaint.

104.    Paragraph 104 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 104 of the Complaint.

105.    Paragraph 105 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 105 of the Complaint.

106.    Paragraph 106 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 106 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

107.   Paragraph 107 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 107 of the Complaint.

108.   Paragraph 108 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 108 of the Complaint.

109.   Paragraph 109 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 109 of the Complaint.

110.   Paragraph 110 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 110 of the Complaint.

## SECOND CAUSE OF ACTION

### Violation of the Song Beverly Act – Breach of Implied Warranty

### (Against all Defendants)

111.   Defendant Ford repeats the responses of paragraphs 1 to 110.

112.   Defendant Ford admits the allegations set forth in paragraph 112 of the Complaint.

113.   Defendant Ford admits the allegations set forth in paragraph 113 of the Complaint.

114.   Paragraph 114 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 114 of the Complaint.

115.   Paragraph 115 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 115 of the Complaint.

116.   Paragraph 116 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the

-12-

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

allegations set forth in paragraph 116 of the Complaint.

117.   Defendant Ford denies the allegations set forth in paragraph 117 of the Complaint.

118.   Defendant Ford denies the allegations set forth in paragraph 118 of the Complaint.

119.   Defendant Ford denies the allegations set forth in paragraph 119 of the Complaint.

120.   Defendant Ford denies the allegations set forth in paragraph 120 of the Complaint.

121.   Defendant Ford denies the allegations set forth in paragraph 121 of the Complaint.

## THIRD CAUSE OF ACTION

### Fraudulent Concealment – Concealment

### (Against Defendant FORD and Does 1 through 10)

122.   Defendant Ford repeats the responses of paragraphs 1 to 121.

123.   Paragraph 123 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 123 of the Complaint.

124.   Defendant Ford denies the allegations set forth in paragraph 124 of the Complaint.

125.   Paragraph 125 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 125 of the Complaint.

126.   Defendant Ford denies the allegations set forth in paragraph 126 of the Complaint.

127.   Paragraph 127 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 127 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

128.   Paragraph 128 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 128 of the Complaint.

129.   Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Complaint.

130.   Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Complaint.

131.   Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132.   Defendant Ford denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint.

## FOURTH CAUSE OF ACTION

### Fraudulent Inducement – Intentional Misrepresentation

### (Against Defendant FORD and Does 1 through 10)

133.   Defendant Ford repeats the responses of paragraphs 1 to 132.

134.   Defendant Ford denies the allegations set forth in paragraph 134 of the Complaint.

135.   Defendant Ford denies the allegations set forth in paragraph 135 of the Complaint.

136.   Paragraph 136 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 136 of the Complaint.

137.   Paragraph 137 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 137 of the Complaint.

138.   Paragraph 138 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 138 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

139.   Paragraph 139 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 139 of the Complaint.

140.   Paragraph 140 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 140 of the Complaint.

141.   Paragraph 141 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 141 of the Complaint.

142.   Paragraph 142 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 142 of the Complaint.

## FIFTH CAUSE OF ACTION

### Fraudulent Inducement – Negligent Misrepresentation

### (Against Defendant FORD and Does 1 through 10)

143.   Defendant Ford repeats the responses of paragraphs 1 to 142.

144.   Paragraph 144 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 144 of the Complaint.

145.   Paragraph 145 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 145 of the Complaint.

146.   Paragraph 146 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 146 of the Complaint.

147.   Paragraph 147 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 147 of the Complaint.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

148.   Paragraph 148 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 148 of the Complaint.

149.   Paragraph 149 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 149 of the Complaint.

150.   Paragraph 150 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 150 of the Complaint.

151.   Paragraph 151 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 151 of the Complaint.

152.   Paragraph 152 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 152 of the Complaint.

153.   Paragraph 153 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 153 of the Complaint.

154.   Paragraph 154 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 154 of the Complaint.

155.   Paragraph 155 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 155 of the Complaint.

156.   Paragraph 156 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 156 of the Complaint.

157.   Paragraph 157 sets forth conclusions of law to which no response is

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 157 of the Complaint.

158.   Paragraph 158 sets forth conclusions of law to which no response is required.  To the extent an answer is required, Defendant Ford denies the allegations set forth in paragraph 158 of the Complaint.

159.   The allegations contained in the unnumbered paragraphs of the Complaint following the word "Wherefore" set forth prayers for relief to which neither an admission nor a denial is required.  To the extent these allegations are deemed to be factual in nature, they are denied.  Defendant Ford denies each and every allegation not previously specifically admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant deny that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Defendant  is informed and believe, and on that basis allege, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

- 17-

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
105 S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Plaintiff is estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived their rights to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant.  Therefore the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

### (Vehicle Fit for Intended Purpose)

Defendant is informed and believe, and on that basis allege, that the subject vehicle was fit for providing transportation at all relevant times hereto.  Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.  *American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.

## EIGHTH AFFIRMATIVE DEFENSE

### (Duration of Implied Warranty)



SANDERS
ROBERTS
105S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- 18-

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant is informed and believe, and on that basis allege, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff.  Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability.  Civil Code section 1795.5.

## NINTH AFFIRMATIVE DEFENSE

(Lack of Maintenance and Other Exclusions)

Defendant is informed and believe, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products.  Defendant reserves the right to identify additional exclusions which may be applicable.

## TENTH AFFIRMATIVE DEFENSE

(Unreasonable or Unauthorized Use of Vehicle)

Defendant is informed and believe, and on that basis allege, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle.  Civil Code section 1794.3.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Timely Revocation of Acceptance)

Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

## TWELFTH AFFIRMATIVE DEFENSE

(No Reasonable Number of Attempts to Repair Afforded)

The Complaint and, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## THIRTEENTH AFFIRMATIVE DEFENSE

(Preemption)

The Complaint and, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Performance)

Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

(Failure to Abide by Terms of Warranty)

Claims by Plaintiffs of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Use Third-Party Dispute Resolution)

Defendant make available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Accord And Satisfaction)

Plaintiffs are barred from recovery, in whole or in part, on the ground that she is subject to the defense of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith Evaluation)

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

At all times, Defendant's evaluation of Plaintiffs' repurchase request has been in good faith, consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper CLRA Notice)

Defendant is informed and believe, and on that basis allege, that Plaintiffs failed to comply with the notice requirements to assert a cause of action for violation of the Consumer Legal Remedies Act.  Civil Code section 1782(a); *Outboard Marine Corporation v. Superior Court* (1975) 52 Cal.App.3d 30.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Doctrine of Equitable Abstention)

Plaintiffs' claims for injunctive relief are barred by the doctrine of equitable abstention.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Notify)

Defendant is informed and believe, and on that basis allege, that Plaintiff has failed to provide timely notice, within a reasonable period of time after discovery of  his claims and alleged defects.  As a result, Defendant has been damaged and prejudiced.  Therefore the Complaint and each cause of action therein, is barred as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Complete Performance)

Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Compliance with Laws)

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Defendant has complied with all laws and regulations with regard to the subject matter of Plaintiffs' Complaint, and is therefore not liable to Plaintiffs for any damages they may have sustained, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

At all times relevant and material to this action, Defendant acted reasonably and in good faith.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Independent Causes)

The alleged injuries, damages or loss, if any, for which Plaintiffs seek recovery, were the result of causes independent of any purported acts or omissions on the part of Defendants, or any of their agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Inspect)

Defendant alleges that Plaintiffs' damages, if any, may have been caused by the failure of third parties, unrelated to Defendants, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Maintain)

Defendant alleges that any and all conditions in the subject vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Breach)



SANDERS
ROBERTS
105S W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- 22-

Defendant alleges that they did not breach any duties to Plaintiffs, thereby barring and/or precluding Plaintiffs from recovery.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Affirmative Conduct)

Defendant alleges that there was no affirmative conduct on the part of Defendants, which allegedly caused or contributed to Plaintiffs' alleged injuries and therefore Plaintiffs have no cause of action against Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

(No Substantial Factor)

Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendants, if any, was not a substantial factor in bringing about Plaintiffs' alleged injuries and, therefore, was not a contributing cause.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Excessive/Speculative Damages)

Defendant alleges that the damages allegedly sustained by Plaintiffs, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

If Plaintiffs have suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiffs' conduct and/or his potential failure to mitigate any such loss, damage or injury.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Disclaimer of Incidental and Consequential Damages)

Defendant is informed and believe, and on that basis allege, that by the terms of the limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or consequential damages.

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No Civil Penalty)

Defendant is informed and believe, and on that basis allege, that Plaintiffs are barred from the recovery of a civil penalty by reason of Plaintiffs' failure to serve written notice pursuant to Civil Code section 1794(e)(3).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Constitutionality of Punitive Damages)

The claims of Plaintiffs are in contravention of Defendants' rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate Defendants' right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Punitive Damages Improperly Pled/Not Recoverable)

Defendant is informed and believe, and on that basis allege, that Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by Defendants under California Civil Code section 3294(b).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages Impermissible For Extra-Territorial Conduct)

- 24-

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Any award of punitive damages based on anything other than Defendants' conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

Defendant is informed and believe, and on that basis allege, that an award of punitive or exemplary damages to Plaintiffs would violate Defendants' constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages -- If Any -- Must Be Limited)

Defendants specifically incorporate by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of

- 25 -



**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

punitive damages awards as set forth in *State Farm Mutual Automobile Insurance Company v. Campbell* (2003) 123 S.Ct. 1513, and *BMW of North America v. Gore* (1996) 116 S. Ct. 1589.

### FORTIETH AFFIRMATIVE DEFENSE

(Set Off)

Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiffs, which are denied, Defendant is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiffs and/or others.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

The subject vehicle or products identified in the Complaint that were allegedly designed, manufactured and distributed by Defendant is missing, have been modified or altered and/or are no longer available for Defendants' possession, which impacts Defendants' defense in this case.  Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Fees and Costs)

Defendant is informed and believe, and on that basis allege, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Defendants.  Plaintiffs should therefore be responsible for all of Defendants' necessary and reasonable attorney's fees and defense costs as permitted by California law.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- 26-

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants reserve their rights to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

### FORTY-FORTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

Defendant is informed and believe, and on that basis allege, that this dispute is subject to an arbitration agreement with Plaintiffs such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

### FORTY-FIFTH SEPARATE AND AFFIMATIVE DEFENSE

### (Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c) and 15 USC section 2308(b).

### FORTY-SIXTH SEPARATE AND AFFIMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

1.      Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act and Magnuson-Moss Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair. Plaintiffs are also precluded from any recovery pursuant to 15 USC 2304(a)(4).

### FORTY-SEVENTH SEPARATE AND AFFIMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

2.      Defendant is informed and believes, and based thereon alleges, that Plaintiffs failed to provide notice to this answering defendant pursuant to Civil Code § 1794(e)(3).  Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code § 1793.22 and from recovering civil penalties pursuant to Civil Code § 1794(e). Plaintiffs are also barred from securing the remedies set

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

forth in 15 USC 2301 et. seq.

## <u>PRAYER</u>

WHEREFORE, Defendant pray for the following relief:

1.      That Plaintiff take nothing by reason of his Complaint, and that this action be dismissed in its entirety with prejudice;

2.      That judgment be entered in favor of Defendant, on all causes of action;

3.      That Defendant recover its costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4.      That Defendant be awarded such other and further relief as the Court may deem just and proper.


Dated:  February 24, 2020          **SANDERS ROBERTS LLP**

By: _____

Justin H. Sanders, Esq.
Sabrina C. Narain, Esq.
Attorneys for Defendant
**FORD MOTOR COMPANY**

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**



# <u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Blanca Reyes, declare as follows:  I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 West 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

On February 24, 2020 I served the foregoing document described as:

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated in the attached service list:

☒ **VIA MAIL**  I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited for FEDEX OVERNIGHT DELIVERY on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐ **VIA FACSIMILE**  I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581.** No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☒ **VIA ELECTRONIC MAIL**  I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated, per their stipulation.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ **VIA PERSONAL SERVICE**  I caused such envelope(s) to be delivered by a process server employed by [***] the attached documents to the office(s) of the addressee.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 24, 2020, at Los Angeles, California.

Blanca Reyes

*Blanca Reyes*

_____          _____
(Type or print name)                              (Signature)



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**SERVICE LIST**

*O'Donnell v. Ford Motor Company, et al.*
L.A.S.C. – Case No.: 19STCV14727

| | |
|---|---|
| Amy-Lyn Morse, Esq. | Attorney for Plaintiff |
| **KNIGHT LAW GROUP** | **Jeffrey Allan O'Donnell** |
| 10250 Constellation Blvd., Suite 2500 | |
| Los Angeles, CA 90067 | |